408 So.2d 378 (1981)
Huey P. COOPER
v.
Gerald BARNES, et al.
No. 14438.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
*379 John W. Anthony, Talley, Anthony, Hughes & Knight, Bogalusa, for plaintiff.
Michael J. Paduda, Jr., of Gallaspy & Paduda, Bogalusa, for Aetna Ins. Co.
Before ELLIS, LOTTINGER and PONDER, JJ.
PONDER, Judge.
Defendant, Aetna Insurance Company, was granted a motion for summary judgment on the finding that uninsured motorist coverage had been waived. Plaintiff appealed.
The issue is whether a written rejection of uninsured motorist coverage, under LSA-R.S. 22:1406 D(1)(a)[1] is effective if it is signed after the policy is dated, issued and delivered.
We affirm.
Plaintiff, a policeman, was injured in a wreck with an underinsured driver while a passenger in a police car. Aetna, the automobile liability insurer of the police car, to support its motion for summary judgment introduced into evidence a copy of its policy effective May 28, 1978, and a waiver of uninsured motorist coverage signed on May 30, 1978. The accident occurred approximately seven months later.
Plaintiff's claim that a rejection of uninsured motorist coverage must be made on or before the issuance of the policy is based on the fact that prior to 1977, a rejection or waiver had to be physically attached to the insurance policy. Thus, if an insured later rejected coverage, a new policy would have to be issued.
Act 438 of 1977 amended LSA-R.S. 22:1406 (D)(1)(a) to provide that a rejection or selection of lower limits must be in writing and that:
"(1)(a) * * * * Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued or delivered, irrespective of whether physically attached thereto."
In A. I. U. Ins. Co. v. Roberts, 404 So.2d 948 (La.1981) after the policy was issued, the plaintiff verbally first rejected and then later selected limits of uninsured motorist coverage lower than statutorily provided, all prior to the 1977 amendment. After an accident, plaintiff claimed that she was entitled to the greater statutory limits because she had not consented to lower limits in writing. The Supreme Court held that because the selection of lower limits varied from the coverage provided by statute, it had to be in writing and attached to the policy. The facts and result indicate that prior to the 1977 amendment, a modification of uninsured motorist coverage after issuance would be possible only if LSA-R.S. 22:628[2] were followed.
*380 In International Ins. Co. v. Masur, 404 So.2d 1313 (La.App. 2nd Cir. 1981), the policy provided uninsured motorist coverage lower than liability limits. The written selection of the lower limits was not made until after an accident. The Second Circuit held that after the 1977 amendment, uninsured motorist coverage could only be modified as provided by LSA-R.S. 22:1406 D(1)(a). A modification in proper form would not be applied retroactively, to the detriment of third party beneficiaries whose cause of action arose prior to the fact of modification.
While the statute is not entirely clear, the term "initially rejects or selects lower limits" in the amendment seems to refer to the rejection or selection of lower limits prior to the rewriting of the policy, because of renewal. The written rejection or selection of lower limits does not have to be physically attached to the policy upon each renewal.
No premiums or limits for uninsured motorist coverage were established when the policy was issued evidently in anticipation of the later rejection in writing. It is clear that the policy could have been cancelled and rewritten at the time the written rejection was received. It is possible that an endorsement of the policy could have been utilized. No injured party had accrued any rights prior to the written rejection. We find that under these circumstances the written rejection attached to the policy satisfied the requirements of LSA-R.S. 22:1406 (D)(1)(a) as it read in 1978.
For these reasons, the judgment is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] LSA-R.S. 22:1406 D(1)(a):

"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto."
[2] LSA-R.S. 22:628:

"No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance. This Section shall not apply to contracts as provided in Part XV of this Chapter.
The provisions of this Section shall apply where a policy or other written evidence of insurance is coupled by specific reference with another policy or written evidence of insurance in existence as of the effective date hereof or issued thereafter."